Atkinson, J.,
delivered the opinion of the court.
This case involves two claims:
First, for time consumed in learning the work to enable the claimant to perform the service (Sept. 9, 1901), i. e., assisting and receiving instruction from a regular letter-carrier who was at the time on duty and was paid therefor. For this one day in so familiarizing himself with the duties to be *47 performed he claims $2.78, being at the rate of $1,000 per year, which amount ivas the salary of the regular carrier;
Second, for work performed January 10, 1902, in place of a letter-carrier on leave of absence, in excess of eight hours per day.
The claimant bases his right to recover for the time so consumed in familiarizing himself with the work to be performed under either the Act of August 2, 1882 (22 Stat. L., 185), or the provisions in the Appropriation Act of March 3, 1901 (31 Stat. L., 1099, 1103).
There is no law authorizing payment to a substitute letter-carrier for time consumed in familiarizing himself with and preparation for the discharge of his duties, even though such preparation consists in assisting a regular carrier in routing and delivering his mail, especially when such regular carrier is on duty, as he was in this case, and was rightly paid therefor. Properly speaking, the claimant was not on duty, but was being instructed by such regular carrier in the duties on the route he was to serve.
The act of August 2, 1882, supra, provides, among other things, “ that the Postmaster-General be, and he hereby is, authorized to appoint one or more substitute letter-carriers, whose compensation shall be one dollar per annum and the pro rata compensation of the carriers whose routes they may be required to serve.” * * *
That act can hai^e no application to the time consumed by the claimant in familiarizing himsef with the duties of the office he was required to perform. He was not on duty in the place of the carrier whose route he was required to serve.
The Appropriation Act March 3, 1901 (31 Stat. L., 1099, 1103), upon which the claimant also relies, making appropriation “ for pay of letter carriers in offices already established, and for substitute letter carriers, and for temporary carriers at summer resorts, holiday, election, and emergency service, sixteen million eighty thousand and nine hundred dollars,” can not be held to create new rights, but only to carry out existing law.
The appropriation does not authorize the employment of letter carriers or substitute letter carriers, but names the *48 character of service to be performed under existing law, for which the appropriation is made.
The view we thus take of this branch of the case renders it unnecessary to consider whether the proviso to the Appropriation Act of June 2, 1900 (31 Stat. L., 257), “ for pay of letter carriers in new offices ” is in the nature of general legislation or applicable only to the fiscal year of that appropriation.
Therefore, on this branch of the case the claimant is not entitled to recover, even though the Act of May 1888 (25 Stat. L., 157), granting pro 'rata pay to letter carriers for services in excess of eight hours iier day were applicable to substitute letter carriers.
The second claim herein is for time employed one ‘day as a substitute letter carrier in excess of eight hours, but this question was considered and passed upon in the Alderman case (ante, p. 35), and need not be further considered here.
Our conclusion is that the defendant’s demurrer should be sustained and the petition dismissed, and it is so ordered.
Barney, J., was absent on account of illness when this case was tried and took no part in its decision.